# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

APRIL M. WILLIAMS, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

TAX DEFENSE NETWORK, LLC d/b/a MONEYSOLVER,

    Defendant.

Case No. 2:20-cv-00312

## CLASS ACTION COMPLAINT

**NOW COMES**, APRIL M. WILLIAMS, individually, and on behalf of all others similarly situated, through her undersigned counsel, complaining of TAX DEFENSE NETWORK, LLC d/b/a MONEYSOLVER, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

**PARTIES**

5. APRIL M. WILLIAMS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Indiana.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. TAX DEFENSE NETWORK, LLC d/b/a MONEYSOLVER ("MoneySolver" or "Defendant") is a financial services company organized under the laws of the State of Florida. MoneySolver is a company that "helps people and businesses overcome their student loan, tax, business, and credit obstacles."[1]

8. MoneySolver maintains its headquarters in Jacksonville, Florida.

9. MoneySolver is a "person" as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

10. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4111.

11. At all times relevant, Plaintiff's number ending in 4111 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

13. A few years ago, Plaintiff consolidated her student loans with MoneySolver ("subject loan").

14. In June 2020, MoneySolver started placing phone calls to Plaintiff's cellular phone.

15. On multiple occasions, Plaintiff answered MoneySolver's calls.

---

[1] https://www.moneysolver.org/ (last accessed August 24, 2020)

2

16. Upon answering MoneySolver's calls, Plaintiff was greeted by a prerecorded message.

17. After the prerecorded message ended, Plaintiff stayed on the line and was transferred to a live agent.

18. Once connected to a live agent, Plaintiff was informed that that the subject loan was in default and that MoneySolver was attempting to collect payment on the subject loan.

19. Specifically, on June 22, 2020, Plaintiff spoke with MoneySolver's representative, Yamilet Rojas.

20. During this call, Plaintiff explained that she was current on the subject loan as payments are automatically withdrawn from her checking account.

21. Given the fact that Plaintiff was current on the subject loan, Plaintiff requested that the collection calls cease.

22. Shortly thereafter, MoneySolver's collection calls continued.

23. In the calls that Plaintiff did not answer, MoneySolver left prerecorded voicemails stating: *"Hello, this is a courtesy call from MoneySolver regarding your student loan payment. We have encountered a payment delay and cannot move forward without speaking to you. Please give us a call back today at 1-888-743-6437…"*

24. On June 29, 2020, Plaintiff spoke to MoneySolver's billing department and again explained to a representative that the subject loan was not in default.

25. The representative confirmed that the subject loan was in good standing and advised Plaintiff that the collection calls would cease.

26. Despite Plaintiff's requests that the collection calls cease and MoneySolver's acknowledgment that the subject loan was current, MoneySolver continued its prerecorded collection calls, including calls from the phone numbers (773) 466-6773 and (773) 466-6772.

27. In total, MoneySolver placed no less than sixty (60) phone calls to Plaintiff's cellular phone number ending in 4111 from June 2020 through the present utilizing a prerecorded voice without Plaintiff's consent.

28. MoneySolver's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

29. Due to MoneySolver's refusal to comply with Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel the phone calls to cease.

## CLASS ALLEGATIONS

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

4

**TCPA Class**

All persons throughout the United States (1) to whom MoneySolver placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) after he/she requested that MoneySolver cease calls to his/her cellular telephone number; (5) within the four years preceding the date of this complaint through the date of class certification.

32. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) MoneySolver, MoneySolver's subsidiaries, parents, successors, predecessors, and any entity in which MoneySolver or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against MoneySolver have been fully and finally adjudicated and/or released.

**A.     Numerosity**

33. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

34. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

35. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

36. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Moneysolver.

**B.     Commonality and Predominance**

5

37. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

38. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.    Typicality**

39. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Moneysolver's conduct.

**D.    Superiority and Manageability**

40. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

42. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.    Adequate Representation**

44. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

45. Plaintiff has no interests antagonistic to those of the Putative Class and MoneySolver has no defenses unique to Plaintiff.

46. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of TCPA Class)

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

48. MoneySolver placed or caused to be placed no less than sixty (60) non-emergency calls, from June 2020 through the present, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

49. As pled above, MoneySolver used an artificial or prerecorded voice that automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

50. Upon information and belief, MoneySolver does not maintain an effective system to process and honor consumer cease requests.

51. Specifically, as pled above, MoneySolver ignored Plaintiff's requests that the collection calls cease.

52. As pled above, Plaintiff was harmed by MoneySolver's unlawful phone calls.

53. Upon information and belief, MoneySolver knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

**WHEREFORE**, Plaintiff on behalf of herself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.      an order finding that MoneySolver violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C.      an order enjoining MoneySolver from placing further violating calls to consumers;

D.      an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E.      an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: August 26, 2020                        Respectfully submitted,

**APRIL M. WILLIAMS**

By: *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
*Counsel for Plaintiff*
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(63) 575-8180
mbadwan@sulaimanlaw.com